```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
TRUSTEES OF THE NEW YORK CITY DISTRICT                ELECTRONICALLY FILED
COUNCIL OF CARPENTERS PENSION FUND,                   DOC #:
WELFARE FUND, ANNUITY FUND, and                       DATE FILED: 3/27/2019
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE NEW YORK CITY AND               18 Civ. 11342 (AT)
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, and the NEW YORK CITY DISTRICT           ORDER
COUNCIL OF CARPENTERS,

                               Petitioners,

            -against-

J.H. REID GENERAL CONTRACTOR,

                               Respondent.
```

ANALISA TORRES, District Judge:

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor-Management Corporation (collectively, the "Funds"); and the New York City District Council of Carpenters (the "Union"), bring this petition under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm an arbitration award (the "Award") against Respondent J.H. Reid General Contractor. Petition, ECF No. 5. Respondent has not appeared in this action to oppose the petition. For the reasons stated below, the petition is GRANTED.

## BACKGROUND

During the relevant time period, Respondent executed a collective bargaining agreement (the "CBA") with the Union. 56.1 Stmt. ¶ 6–7, ECF No. 15. The CBA requires Respondent to make contributions to the Funds for every hour of work performed "within the trade and geographical jurisdiction of the Union." *Id.* ¶ 10. The CBA also binds Respondent to the Funds' Collection Policy, which provides the due date for contributions if the CBA fails to specify a due date. *Id.* ¶¶ 11–12. After reviewing Respondent's payroll records, Petitioner determined that Respondent failed to remit required benefit contributions by the due date. *Id.* ¶¶ 16–17.

The CBA provides that if a dispute arises between the parties concerning payments to the Funds, any party may seek arbitration before an impartial arbitrator. CBA Art. XV § 7, ECF No. 13-1; Davidian Decl. ¶ 16, ECF No. 18. In accordance with the arbitration provision, Petitioners initiated arbitration against Respondent for failure to make its required contributions to the Funds. 56.1 Stmt. ¶ 19; Arbitrator Op. at 1, ECF No. 13-6. On October 15, 2018, after a hearing, the arbitrator concluded

that Respondent violated the CBA. 56.1 Stmt. ¶¶ 20–21; Arbitrator Op. at 2–3. The arbitrator issued the Award, ordering Respondent to pay the Funds a total of $10,321.16, based on an estimate of unpaid principal contributions of $6,144.70, interest on those contributions of $236.12, liquidated damages of $1,228.93, late payment interest of $7,983.82, unpaid promotional fund contributions of $8.07, court costs of $400, attorney's fees of $1,500, an arbitrator's fee of $500, bounced check fees of $400, less payment received in the amount of $8,080.48. 56.1 Stmt. ¶ 21; Arbitrator Op. at 3. The arbitrator also awarded interest on the Award to accrue at a rate of 7% from the date it was issued. 56.1 Stmt. ¶ 22; Arbitrator Op. at 3.

## DISCUSSION

I. <u>Legal Standard</u>

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9; *accord Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (alterations in original) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 576 (2008)).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004),

and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Respondent has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II. Analysis

Petitioners argue that they are entitled to confirmation of the Award, post-judgment interest on the Award, and attorney's fees and costs. The Court agrees.

A. Confirmation of the Award

Petitioners have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award. It is undisputed that Respondent failed to make the required contributions to the Funds in accordance with the terms of the CBA. 56.1 Stmt. ¶¶ 16–17; Arbitrator Op. It is also clear that disputes about payments to the Funds fall within the scope of the arbitrator's authority. *See* CBA Art. XV §§ 6(b), 7.

After holding a hearing and reviewing evidence, the arbitrator awarded Petitioners $10,321.16, plus 7% interest accruing from the date of the Award. 56.1 Stmt. ¶¶ 21–22; Arbitrator Op. at 3. The Award is based on a calculation submitted in a "summary report" of the audit. *Id.* at 2. The calculation in the "summary report" is not disputed, nor is there any evidence in the record suggesting that the Award is incorrect. Accordingly, the Court confirms the Award.

B. Post-judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Trs. of the Local 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961(a).

Because the Court's confirmation of the Award is a money judgment in a civil case, Petitioners are entitled to post-judgment interest at the statutory rate.[1]

---

[1] As noted earlier, the arbitrator granted post-Award interest at a rate of 7%, Arbitrator Op. at 3, and the Court has confirmed the Award. The arbitrator's 7% rate, however, shall apply only from the date of the Award to the

3

### C. Attorney's Fees and Costs of Bringing this Petition

In addition to the attorney's fees and costs granted in the Award, Petitioners seek $5,167 in attorney's fees and $570 in costs associated with bringing this petition. Dickerson Decl. ¶¶ 2, 8–9, ECF No. 14. Although attorney's fees and costs are generally unavailable in an action brought under § 301 of the LMRA, "[a] court may [] exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). In the context of a petition to confirm an arbitration award, an award of attorney's fees and costs is permissible where "the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union, Local 228*, 118 F.3d 893, 898 (2d Cir. 2007) (alteration in original) (citation omitted); *accord Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *4 (awarding attorney's fees and costs where respondent did not comply with an arbitration award or offer a justification for non-compliance). Here, Respondent has not complied with the Award, nor offered any justification for its failure to do so. Petitioners are, therefore, entitled to an award of reasonable attorney's fees and costs.

Petitioners seek $5,167 in attorney's fees. Dickerson Decl. ¶ 8. In order to support a request for attorney's fees, petitioners must submit "contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Virginia & Ambinder ("V&A"), Petitioners' counsel, has submitted contemporaneous time records, which reflect 20.1 hours of work done to draft and file the petition. Billing Records dated Jan. 4, 2019, ECF No. 14-1. V&A bills $350 per hour for work done by attorney Todd Dickerson, "Of Counsel," $275 per hour for work done by Marlie Blaise, law clerk, and $120 per hour for work done by legal assistants. Dickerson Decl. ¶¶ 4–6. Other courts in this district have found $350 per hour to be an unreasonable rate for Dickerson. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Bar-Mac Constr. of NJ Inc.*, No. 18 Civ. 6284, 2019 WL 294768, at *5 (S.D.N.Y. Jan. 23, 2019) (reducing Dickerson's hourly rate from $350 to $300); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. M&B Builders Grp. Inc.*, No. 18 Civ. 5074, 2018 WL 6067229, at *5–6 (S.D.N.Y. Nov. 19, 2018) (collecting cases). Accordingly, the Court grants a rate of $300 per hour for the 1.6 hours of work performed by Dickerson.

For similar reasons, the Court cannot approve the rate of $275 per hour for Blaise, a law clerk who graduated from law school in 2018. Dickerson Decl. ¶ 5. Other courts in this district have found $275 to be an unreasonable hourly rate for associate attorneys at V&A with more experience than Blaise. *See, e.g, Bar-Mac Constr.*, 2019 WL 294768, at *5 (reducing hourly rate for associate attorney who graduated from law school in 2016 from $275 to $225); *M&B Builders Grp. Inc.*, 2018 WL 6067229, at *6 (same). Accordingly, the Court grants a rate of $225 per hour for 13.4 hours of Ms. Blaise's work. Although Blaise billed 15.4 hours, the Court reduces Blaise's hours to 13.4 because she spent two hours drafting a motion for a default judgment which is not relevant to the petition.

---

date of this judgment; the statutory rate under 28 U.S.C. § 1961 shall apply to post-judgment interest. *See Maersk Line Ltd. v. Nat'l Air Cargo Grp., Inc.*, No. 16 Civ. 6272, 2017 WL 4444941, at *4–5 (S.D.N.Y. Oct. 4, 2017) (upholding arbitrator's award of 9% interest for period between arbitrator's award and the court's judgment, but applying statutory rate under 28 U.S.C. § 1961 to post-judgment interest).

The Court finds that the requested rate of $120 per hour for the 3.1 hours of work performed by V&A's legal assistants is reasonable. *See id.* ("The Court finds that the requested rate of $120 per hour for . . . work performed by legal assistants is reasonable."). Accordingly, the Court awards $3867 to Petitioners for attorney's fees.

Petitioners also seek to recover $570 in service fees in connection with this case. Dickerson Decl. ¶ 9. "Recovery of such costs is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). Although Petitioners state that they do not seek reimbursement for the court costs because the Award included those costs, the court costs are included in their calculation. Billing Records dated Jan. 4, 2019 at 4. The Court, therefore, awards $170 to Petitioners for costs.

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment in the amount of $10,321.16, plus (1) pre-judgment interest at a rate of 7% per annum accruing from October 15, 2018 through the date of this judgment and (2) post-judgment interest at the statutory rate. The Clerk of Court is further directed to terminate the motion at ECF No. 12 and close the case.

SO ORDERED.

Dated: March 27, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge